No. 2391.—CITY OF NEW ORLEANS *v.* W. S. MOUNT, Treasurer, and MICHINARD, Assistant City Attorney.

Certificates of indebtedness or police warrants issued by the Board of Metropolitan Police are not bills of credit within the meaning of section ten of article one of the Constitution of the United States. The statute of twenty-seventh of February, 1869, making such warrants receivable for taxes due the city does not violate this provision of the Constitution, and is not, therefore, void on that account.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *J. R. Beckwith*, City Attorney, and *C. Roselius*, for plaintiff and appellant. *E. Filleul*, for defendant and appellee.

TALIAFERRO, J. The Mayor of New Orleans took out injunctions against the City Treasurer and the Assistant City Attorney to restrain them from receiving in payment of city dues (licenses and taxes due the city) Metropolitan Police warrants as provided by an act of the Legislature approved twenty-seventh February, 1869, on the ground

of the unconstitutionality of the act, it being, as alleged, in violation of section ten of article one of the Constitution of the United States, which declares that "no State shall emit bills of credit nor make anything but gold and silver a tender in payment of debts."

Newman, a broker, intervened, contesting the validity of the injunctions and claiming the right to pay his license in Metropolitan Police warrants, a right, he alleged, had been denied him.

There was judgment for defendants and intervenor, dissolving the injunctions, and the plaintiff appealed.

Instruments of the kind here objected to as bills of credit, were certificates of indebtedness issued by the corporation to facilitate their business operations, which have often been decided not to be bills of credit within the meaning and intendment of section ten of article one of the Constitution of the United States. Story on the Constitution, No. 1364; Smith v. The City of New Orleans, 23 An. 5. We think the judgment of the lower court correct.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.